**UNITED STATES of America,**
**Appellee,**

v.

**Walter VELASQUEZ, also known as Walter A. Velasquez, also known as Walter Husbhall, Defendant–Appellant.**

No. 05–7007–cr.

United States Court of Appeals,
Second Circuit.

Oct. 19, 2006.

Philip L. Weinstein, Federal Defenders of New York Inc., New York, New York, for Appellant.

Katherine Polk Failla, Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney John J. O'Donnell, on the brief), United States Attorney's Office for the Southern District of New York, New York, New York, for Appellee.

PRESENT: WILFRED FEINBERG, JOSÉ A. CABRANES, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Walter Velasquez appeals from a judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*) convicting him, after a plea of guilty, of one count of illegal re-entry into the United States subsequent to the commission of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). *See United States v. Velasquez*, No. 05 Cr. 13 (S.D.N.Y. Dec. 20, 2005). The District Court sentenced defendant to a term of 41 months' imprisonment, to be followed by a term of two years' supervised release.[1]

On appeal, defendant argues that the District Court erred in finding that sentencing disparities created by the Department of Justice's "fast-track" programs[2]

---

1. The Probation Office's Presentence Report concluded that defendant's applicable Guidelines range was 41–51 months. At sentencing, the District Court also imposed a mandatory $100 special assessment.

2. "Fast-track" programs operate as a set of policies followed by U.S. Attorney's offices in certain districts, whereby the Government recommends reduced sentences for violators of 8 U.S.C. § 1326 "in return for defendants' waiver of various rights, including: indictment by a grand jury, trial by jury, presentation of a pre-sentence report, and appellate review of the sentence." *United States v. Mejia*, 461 F.3d 158, 160 (2d Cir.2006). The programs may be implemented only in select districts that "confront[ ] an exceptionally large number of a specific class of offenses within the district, and failure to handle such cases on an expedited or "fast-track" basis would significantly strain prosecutorial and judicial resources available in the district," or where "the district confronts some other exceptional local circumstance with respect to a specific class of cases." *Memorandum from Attorney General John Ashcroft Setting Forth*

60

for illegal reentry offenders are not "unwarranted" disparities within the meaning of 18 U.S.C. § 3553(a)(6). In particular, defendant claims that the District Court erred in rejecting his argument that the absence of "fast-track" programs in some districts (including the one in which he was convicted) creates unwarranted disparities among "defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6). Accordingly, defendant argues that under the framework set forth in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the District Court should have imposed a lower, non-Guidelines sentence in order to avoid such disparities.

Defendant's claim is without merit. We recently addressed precisely the issue raised by defendant in *United States v. Mejia*, 461 F.3d 158 (2d Cir.2006); in that case, we held "that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable," *id. at* 164. We further held that because "Congress expressly approved of fast-track programs without mandating them[,] Congress thus necessarily decided that they do not create the unwarranted sentencing disparities that it prohibited in Section 3553(a)(6)." *Id.* at 163.

Pursuant to our holding in *Mejia*, we therefore conclude that (1) the District Court did not err in failing to adjust defendant's sentence on the basis of potential disparities caused by the Department of Justice's "fast-track" programs; (2) defen-

footnote

Justice Department's "Fast–Track" Policies (Sept. 22, 2003), 16 Fed. Sent. Rep. 134, 2003 WL 23475483, at *2 (2003). Congress has explicitly approved such programs. *See* Pub.L. No. 108–21, 117 Stat. 650, 675 (2003) (codified in various sections of 18, 28, and 42 U.S.C.). Further, United States Sentencing Guidelines § 5K3.1, "Early Disposition Programs (Policy Statement)," addresses the pro-

dant's sentence was "reasonable" and, therefore, not erroneous under the framework set forth by *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Accordingly, we **AFFIRM** the judgment of the District Court.

grams, providing that, "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S. Sent'g Guidelines Manual